**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSE PREJEDIS VASQUEZ,** § | | |
| Movant § | | |
| § | | |
| **V.** § | **A-08-CA–195 LY** | |
| § | **(A-05-CR-154 LY)** | |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Jose Prejedis Vasquez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255; the Government's Response; and Movant's Reply and Brief in Support.  The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

**I. GENERAL BACKGROUND**

On July 19, 2005, Movant Jose Prejedis Vasquez ("Movant") was charged in a sealed two-count indictment with conspiracy to distribute and possession with intent to distribute more than 500 grams of methamphetamine, a Schedule II Controlled Substance, contrary to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and in violation of 21 U.S.C. § 846 (count one); and possession with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (count two).  On December 21, 2006, Vasquez was charged in a one-count superseding information with possession with intent to distribute methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1) and 841(b)(1)(C).  Pursuant to a Plea Agreement filed December 21, 2006, Vasquez pled guilty to the one-count superseding information.  On March 16, 2007, the Court sentenced Vasquez to a 108-month term of imprisonment, followed by a three-year term of supervised release. Movant did not file a direct appeal.  Movant has now filed the instant motion under 28 U.S.C. § 2255 arguing that he was denied the effective assistance of counsel because: (1) his counsel was not prepared to argue for a downward departure based upon his minimal or minor role in the offense; and (2) counsel misinformed him regarding the terms of his Plea Agreement.  He also argues that the District Court erred in denying a reduction for his minimal/minor role in the offense under U.S.S.G. § 3B1.2.

## II.  STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).  If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice."  *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).  Finally, it should

be noted that a defendant may waive his statutory right to appeal his sentence including filing a § 2255 motion, if the waiver is knowing and voluntary. *Untied States v. McKinney*, 406 F.3d 744, 746 (2005).

### III.  DISCUSSION

**A.     Was Movant Denied the Effective Assistance of Counsel?**

Movant argues that he was denied the effective assistance of counsel because his attorney: (1) was not prepared to argue for a downward departure based upon his minimal or minor role in the offense; and (2) misinformed him regarding the terms of his Plea Agreement.

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.*  A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999).  A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999).  Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.  "However, the mere possibility of a

different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

### 1. Failure to Argue for Downward Departure

Movant argues that his attorney was ineffective because counsel was not properly prepared to argue at sentencing that Movant qualified for a downward departure for his minimal or minor role in the offense, as provided in U.S.S.G. § 3B1.2. Movant argues that counsel was deficient in failing to object to the Presentence Report and that counsel did not specifically move for a downward adjustment pursuant to U.S.S.G. § 3B1.2. *See* Movant's Reply at p. 4.

The record in the case shows that Movant's counsel did in fact challenge the Presentence Report, by filing written Objections to the Report. In those Objections, counsel argued that Movant's name appeared on only one page of hundreds of pages of an investigative report. Counsel also argued for downward departure at sentencing, arguing that Movant's involvement in the offense was limited to being at the hotel, carrying the bag from the hotel room to the car, and then getting pulled over. *See* Transcript at p. 5. Counsel argued that Movant was not involved in negotiations and was not part of the decision-making process. Counsel argued that Movant's involvement was significantly less than that of the others involved, and based on all of this, requested a minimal role reduction, or in the alternative, a minor role reduction. The facts simply do not support Movant's argument that counsel failed to properly argue for a minimal or minor role reduction. Moreover, despite counsel's arguments, and based upon the evidence that Movant handled a large quantity of drugs, the Court found that Movant was an "average participant." *Id.* at p. 8.

Movant has failed to establish that his counsel's performance was deficient. Counsel argued for a minimal and minor role adjustment. The fact that he did not prevail on these arguments does not mean his performance was deficient. The Court finds that counsel's arguments and actions were objectively reasonable. Moreover, Movant has failed to demonstrate the reasonable probability that even had counsel performed to the level Movant contends he should have, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 688, 694 (1984). The Court viewed the facts of the offense and found Movant was an average participant, Movant has offered no additional facts or argument counsel might have made that would have changed the outcome. This claim is without merit.

  **2.**  **Counsel's Advice Regarding the Plea Agreement**

Next, Movant argues that he was denied the effective assistance of counsel because his attorney failed to properly advise Movant of the consequences of his Plea Agreement. Movant pled guilty on December 21, 2006. At that time he testified in open court that he had read his Plea Agreement and fully understood that Plea Agreement. Movant asserts that counsel led him to believe that he would qualify for both a safety valve downward adjustment and a downward adjust for qualifying as a minor participant, and that he would not have pled guilty had he known he would not qualify for these adjustments. First, the Court notes that Movant did in fact receive the safety valve downward adjustment. The record shows that Movant's safety valve reduction objection was dismissed as moot because his motion for that reduction was granted. *See* Sentencing Transcript at p. 5.

Additionally, review of the Plea Agreement itself shows that it does not in any way contemplate a downward adjustment for a minor role. Movant's Plea Agreement was read into the record at Movant's guilty plea proceeding and Movant informed the Magistrate Court that he

5

understood and agreed to the Plea Agreement. The record shows that Movant informed the Magistrate Judge that he understood the charges against him, the maximum possible punishment for the charges against him, and agreed to plead guilty to those charges freely and voluntarily because he was guilty and for no other reason. He agreed that the statements in the Factual Basis were true and correct. Most importantly, Movant stated that no one had made any promises to him that caused him to plead guilty and that no one had made any promises or predictions about his possible sentence in the case. "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Based upon the foregoing, Movant's guilty plea was made with voluntarily and intelligently, and there is no evidence to support Movant's claim that failed to inform Movant of the consequences of his plea.

Additionally, the two-part Strickland test applies to guilty pleas in which ineffective assistance of counsel is alleged. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). To satisfy the prejudice requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Id.* at 60. Movant has failed to make such a showing. Thus he has failed to establish ineffective assistance of counsel under *Strickland* and this claim fails.

**B.     The District Court's Failure to Grant a Reduction for a Mininal/Minor Role**

Lastly, Movant argues that the District Court erred when it failed to grant him a reduction based upon his minimal or alternatively minor role in the offense. The District Court found that Movant was an "average participant" in the offense and denied his request for a reduction in sentence based upon his minimal or minor role. Movant did not file a direct appeal.

The Supreme Court and the Fifth Circuit have emphasized repeatedly that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991), ( en banc ), cert. denied, 502 U.S. 1076 (1992), citing *United States v. Frady*, 456 U.S. 152, 165 (1982). "After conviction and exhaustion or waiver of any right to appeal, we are entitled to presume that the defendant stands fairly and finally convicted." *Shaid*, 937 F.2d at 231-32; *Frady*, 456 U.S. at 164. After a conviction is presumed final, a defendant can challenge his conviction only on issues of constitutional or jurisdictional magnitude. *See, Shaid*, 937 F.2d at 232; *Hill v. United States*, 368 U.S. 424, 428 (1962). Additionally, a defendant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and, 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232. A departure from the cause and actual prejudice test might be warranted in cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Shaid,* 937 F.2d at 232; *Murray v. Carrier*, 477 U.S. 478, 49  (1986). Movant does not contest his guilt, thus this exception is inapplicable here.

In this case, Movant has not shown cause for his failure to raise his claims on direct appeal and, therefore, has not met his burden under the cause and actual prejudice test. *See United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Hence, this claim is procedurally barred.

## IV.  RECOMMENDATION

The Magistrate Court **RECOMMENDS** that Movant Jose Prejedis Vasquez's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 be DENIED.

## V.  WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of July, 2008.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE